**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Scott Joseph KREMER, Defendant–
Appellant.**

No. 00–10199.

D.C. No. CR–94–00058–1–CRB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 14, 2001.

Decided June 4, 2001.

Before HUG and T.G. NELSON, Circuit Judges, and SHADUR,* District Judge.

MEMORANDUM **

1. The district court did not err in its treatment of the thermal imaging scan of Kremer's barn. Subsequent to the district court's decision, this court held that a thermal imaging scan does not constitute a search under the Fourth Amendment. *See United States v. Kyllo,* 190 F.3d 1041, 1047 (9th Cir.1999), *cert. granted,* 530 U.S. 1305, 121 S.Ct. 29, 147 L.Ed.2d 1052 (2000). In any event, the district court did not rely upon the thermal imaging scan as part of the quantum of evidence establishing probable cause to justify the warrant issued for the search of Kremer's premises.

2. The district court did not err in finding that the search warrant was facially valid. Motions to suppress are reviewed de novo. *United States v. Wright,* 215 F.3d 1020, 1025 (9th Cir.2000). The issuance of a search warrant is reviewed for clear error. *Id.* We review to determine whether the judge issuing the warrant had a substantial basis for concluding that the affidavit in support of the warrant established probable cause. *Id.* Here, the issuance of the warrant was supported by Detective Kimball's sworn statement in the affidavit that he detected the odor of marijuana. *See United States v. DeLeon,* 979 F.2d 761, 765 (9th Cir.1992). Kimball, an officer with extensive experience in narcotics enforcement, is qualified to know the odor, which is sufficiently distinctive to be

---

* Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

recognized. *Id.* Further, the affidavit contained a detailed description of the building and grow operation from the anonymous informant, including the presence of a generator and the odor of marijuana. This description was corroborated by Detective Kimball's description in the affidavit of the agents' prior visit to the property. We agree with the district court that these facts were more than sufficient to support the issuance of the warrant. *See Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

3. We reject Kremer's argument that suppression is warranted due to misstatements or omissions in the affidavit supporting the warrant. *See Franks v. Delaware,* 438 U.S. 154, 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *United States v. Tham,* 960 F.2d 1391, 1395 (9th Cir.1991). Whether probable cause is lacking because of alleged misstatements and omissions in the supporting affidavit is reviewed de novo. *United States v. Bowman,* 215 F.3d 951, 963 n. 6 (9th Cir.2000). A district court's factual findings are reviewed for clear error. *United States v. Gooch,* 6 F.3d 673, 676 (9th Cir.1993). Here, the district court did not clearly err in concluding that the affidavit did not contain material false statements or omissions. After conducting a hearing, the district court, in a detailed and carefully analyzed opinion, concluded that the government's experts were more persuasive than were Kremer's as to whether the odor of marijuana could be detected and whether the generator could be heard. Additionally, after observing the officers' demeanor while testifying, the district court found them to be credible. Accordingly, the facts as found by the district court support its conclusion that probable cause supported the warrant or, conversely, that Kremer failed

to prove that the affidavit in support contained material false statements or omissions.

AFFIRMED.